UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDREA LONGOBARDI, | 3:12-CV-636 (CSH) |
| Plaintiff, | |
| v. | |
| UNITED STATES OF AMERICA, | DECEMBER 5, 2013 |
| Defendant. | |

**RULING ON DEFENDANT'S MOTION TO COMPEL DISCOVERY**

**HAIGHT, Senior District Judge:**

**I.  INTRODUCTION**

In this personal injury action brought by Plaintiff Andrea Longobardi ("Plaintiff") against the

United States ("Defendant" or "Government"), Plaintiff seeks money damages under the Federal

Torts Claims Act, 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671, *et seq.*, for injuries she allegedly

sustained due to the negligent driving of a United States Postal Service employee.[1]

Pending before the Court is Defendant's "Motion to Compel" [Doc. 23] Plaintiff to respond

to Defendant's first request for "Interrogatories and Demands for Production," which were served

on  Plaintiff on or about July 30, 2013.  For the reasons set forth below, the Court will grant the

---

[1]    The Court notes that Fine Shine Hardwood Floor, LLC has, upon consent of the Court
pursuant to Fed. R. Civ. P. 24, entered the action as an intervening party, seeking recovery from
Defendant for sums it has become, and/or and may become, obligated to pay Plaintiff as an employee
under Connecticut's Workers' Compensation Act, Conn. Gen. Stat. § 31-293 .  Fine Shine is not,
however, involved in the present discovery motion.

1

motion.

## II.  <u>DISCUSSION</u>

### A.  <u>Standard for Motion to Compel</u>

Pursuant to Rule 37(a)(3), Fed. R. Civ. P.,  "[a]  party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if,  *inter alia*,  "a party fails to answer an interrogatory submitted under Rule 33"  or  "fails to respond that inspection [of requested documents] will be permitted — or fails to permit inspection — as requested under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).  The motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).

A  party has failed to respond to interrogatories within the mandated time frame of the Federal Rules of Civil Procedure if that party has failed  to "serve its answers and any objections within 30 days after being served with the interrogatories,"  Fed. R. Civ. P. 33 (b)(2).[2]  Similarly, with respect to requested production of documents, "[t]he party to whom the request is directed must respond in writing within 30 days after being served," Fed. R. Civ. P. 34(b)(2)(A).[3]

With respect to the substance of discovery requests, in a federal civil proceeding, parties may obtain discovery regarding any non-privileged matter that is relevant to a claim or defense involved

---

[2]  Rule 33  specifies the permissible  number, scope, and response time for interrogatories in general.  Fed. R. Civ. P. 33 (a)-(b).  Rule 33 also mandates that with respect to the party on whom the interrogatories are served, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  *Id.* at 33(b)(3).

[3]  Rule 34  enables  any party  to  serve upon  any other  party to an action  a request for documents, electronically stored information, and other "designated tangible things."  Fed. R. Civ. P. 34.

in the pending litigation. Fed. R. Civ. P. 26(b)(1).  For this purpose, relevance is viewed broadly in that "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.  See also Sedona Corp. v. Open Solutions, Inc*., 249 F.R.D. 19, 21 (D.Conn. 2008); *Allied-Signal, Inc. v. Allegheny Ludlum Corp*., 132 F.R.D. 134, 136 (D. Conn. 1990).   Relevancy, construed liberally, creates a broad vista for discovery, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1988), such that a trial becomes "less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest  practicable extent," *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958).

**B.**    **<u>Analysis</u>**

In the case at bar, the Government has moved to compel discovery with respect to its first request for "Interrogatories and Demands for Production," which it served upon Plaintiff on or about July 30, 2013.  Doc. 23.   The Government represents that "[a]s a matter of courtesy," its counsel, Alan M. Soloway, previously consented to a request by Plaintiff's counsel, William S. Palmieri,  to "extend[] the time for Plaintiff's counsel to serve the answers to said interrogatories until September 28, 2013." *Id.*, p. 1.  However, shortly before September 28, 2013, Attorney Palmieri's secretary phoned Attorney Soloway to request a second extension of the deadline to respond. *Id.*   At that time, Attorney Soloway "informed the secretary for counsel for the [P]laintiff that he would have to speak to Attorney Palmieri to talk about the compliance." *Id.*  Attorney Soloway "then attempted several times to contact counsel for [P]laintiff by telephone to resolve the discovery issues" but Attorney Palmieri "failed to return any of the phone inquiries." *Id.*

On October 22, 2013, Attorney Soloway sent Attorney Palmieri the following email:

Attorney Palmieri[:]

Several weeks ago on the eve of the deadline for your responses to discovery, Connie from your Office called and asked for a second extension of time for you to comply. I did not agree because I wanted to discuss other related discovery issues with you. Please call me at your earliest opportunity. I am sending this email in conformity with the Local Rules of Civil Procedure which mandates we contact opposing counsel before moving to compel.

I can be reached at (203) 821-3806.

Doc. 23-1, p. 1.

Attorney Palmieri responded by email on the same date, suggesting that he and Attorney Soloway "c[ould] speak together before the week is out, to resolve all issues." *Id.* Attorney Palmieri explained that he was "gathering info on [his] end to see just what, if anything, needs to be collected to send to [Attorney Soloway.]" *Id.* Palmieri concluded, "let's speak this week and move this case forward." *Id.*

According to Attorney Soloway, however, "[c]ounsel for plaintiff has yet to contact counsel for the United States in an attempt to resolve outstanding discovery issues." Doc. 23, p. 2. Moreover, Attorney Soloway represents that "Plaintiff has served discovery on the United States," to which "the United States is prepared to respond" but the United States "did not want to respond to the discovery until it received the responses to discovery which was served well in advance of the discovery proposed to [P]laintiff." *Id.*

Plaintiff has filed no opposition to the Government's motion to compel and the time to file an objection or response has expired. *See* D. Conn. L. Civ. R. 7(a)(1) ("Unless otherwise ordered by the Court, all memoranda in opposition to any motion shall be filed within twenty-one (21) days of the filing of the motion . . . .").

4

Under these circumstances, the Court finds as follows.   First, Attorney Soloway has successfully met the Government's burden of demonstrating that he has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action," Fed. R. Civ. P. 37(a)(1).  Attorney Soloway's repeated unreturned phone calls and the October 22 email chain attached to the Government's motion constitute sufficient evidence of the Government's good faith attempts to confer.

Second, from the facts presented, including the October 22 emails between Attorneys Soloway and Palmieri, the Court finds that, despite Attorney Palmieri's expressed willingness to cooperate, Plaintiff has indeed failed to respond to the Government's interrogatories and production requests and thus failed to comply with the requisite deadlines set forth in Rules 33(b)(2) and 34(b)(2)(A).  The discovery requests were served months ago, on or about July 30, 2013, and although the Government consented to an extension of the response deadline to September 30, 2013, Plaintiff has continued to fail to respond.  Given that Plaintiff initiated this case, her failure to comply with discovery deadlines shows a disturbing lack of willingness to prosecute the action.  Moreover, the Court is troubled by Attorney Palmieri's failure to return Attorney Soloway's phone calls or to contact him – especially after suggesting to Attorney Soloway by email that they would speak within the week.  Under these circumstance, it appears that, absent a court order to compel, discovery will remain at an impasse.

### III.  CONCLUSION

In view of Plaintiff's failure to respond to the Government's first request for "Interrogatories and Demands for Production," and/or to provide the Court with good cause for such failure, the

Court hereby GRANTS the Government's Motion to Compel [Doc. 23].  Accordingly, Plaintiff must serve her responses and/or objections to Defendant's first request for "Interrogatories and Demands for Production" on the United States on or before **January 17, 2014.**  Failure to comply will be deemed non-compliance with a Court order under Fed. R. Civ. P 37(b), and may result in sanctions, as specified in that Rule.  *See* Fed. R. Civ. P. 37(b)(i)-(vii) (describing sanctions imposed on party "for not obeying discovery order," including, *inter alia*, striking pleadings, staying proceedings, dismissal of action in whole or part, rendering default against disobedient party, finding contempt).[4]

Within thirty (30) days following receipt of Plaintiff's responses to Defendant's first request for "Interrogatories and Demands for Production," the Government must serve its own responses to the discovery requests that Plaintiff has previously served upon it.

Furthermore, pursuant to Fed. R. Civ. P. 37 (a)(5)(A), when a movant prevails on a motion to compel or where the requested discovery is disclosed after the motion was filed, the movant is entitled to reasonable expenses incurred in making the motion. *See, e.g., Success Systems, Inc. v. Lynn*, No. 3:06CV1117 (RNC), 2012 WL 6737196, at *2 (D.Conn. Dec. 28, 2012).  Accordingly, counsel for the Government may, if so advised, submit to the Court an affidavit itemizing any reasonable expenses incurred in filing the present motion for which the Government requests reimbursement.  Upon receipt, the Court will review said expenses and entertain any objections from Plaintiff as to why such an award of expenses would be unjust.  Then, if approved in amount, and in the absence of proof by Plaintiff of a "substantial" justification for failure to respond to discovery,

---

[4]    *See also* Fed. R. Civ. P. 37(b)(2)(C) (upon party's failure to obey a discovery order, "the court must order *the disobedient party*, *the attorney advising that party*, or *both* to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust") (emphasis added).

Plaintiff shall reimburse the Government for its reasonable expenses within sixty (60) days.

In the interest of expediting just resolution of this case, counsel for all parties are reminded that it is their professional duty to cooperate fully to resolve discovery disputes, if any, as they arise. Any future or continuing misconduct by Plaintiff's counsel with respect to discovery may be punishable by sanctions.[5]

The foregoing is SO ORDERED.

Dated: New Haven, Connecticut
           December 5, 2013

/s/Charles S. Haight, Jr.
CHARLES S. HAIGHT, JR.
SENIOR  UNITED  STATES  DISTRICT  JUDGE

---

[5]   *See, e.g., J.M. Cleminshaw Co. v. City of Norwich*, 93 F.R.D. 338, 359 n. 16 (D.Conn. 1981)  ("a fine is being levied against defendant's counsel for his unjustified failures to provide discovery and to comply with a court order compelling discovery, which order was entered pursuant to Rule 37(a)" because "Fed. R. Civ. P. Rule 37(b)(2) authorizes the imposition of sanctions, including sanctions directly against delinquent counsel, if a 'party fails to obey an order to provide or permit discovery, including an order made under (Rule 37(a)'").