UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANDREA LONGOBARDI,

       Plaintiff,

v.

UNITED STATES OF AMERICA,

       Defendant.

3:12-CV-636 (CSH)

October 15, 2014

**RULING ON DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO STAND FOR AN INDEPENDENT MEDICAL EXAMINATION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO COMPLY WITH RECIPROCAL DISCOVERY**

**HAIGHT, Senior District Judge:**

    Plaintiff Andrea Longobardi brings this personal injury action against Defendant United States, seeking money damages under the Federal Tort Claims Act, 28 U.S.C. § 1346 (b) and 28 U.S.C. § 2671, *et seq.*, for injuries she allegedly sustained due to the negligent driving of a United States Postal Service worker.[1]

    Pending before the Court are Defendant's motions to compel Plaintiff to stand for an independent medical examination ("IME"), or in the alternative, motion to dismiss this action for Plaintiff's failure to comply with "reciprocal discovery."  *See* [Doc. 27].  For the reasons set forth below, the Court will deny those motions.

---

[1] Fine Shine Hardwood Floor, LLC, upon consent of the Court pursuant to Fed. R. Civ. P. 24, appears in this action as an intervening party, seeking recovery from Defendant for sums it has become liable, and/or may become obligated to pay Plaintiff as an employee under Connecticut Workers' Compensation Act, Conn. Gen. Stat. § 31-293.  Fine Shine is not involved in the present discovery dispute.

## I. BACKGROUND

Plaintiff alleges that on February 13, 2008, at approximately 1:06 p.m., while operating her motor vehicle in the town of East Haven, Connecticut, Plaintiff was struck by a vehicle owned and maintained by the United States Postal Service, driven negligently and carelessly by its employee, Janice DeFrancesco. [Doc. 1 at ¶¶ 4-7].  Plaintiff asserts that DeFrancesco "did control, operate, steer and/or guide [the Postal Service's] motor vehicle in such a manner and/or fashion so as to collide with [her] motor vehicle and, thus, cause the injuries and damages set forth [in the Complaint]." *Id.*, ¶ 8.  *See also id.*, ¶ 13 (a)-(j) (detailing allegedly negligent actions of DeFrancesco).

Plaintiff alleges that as a result of the collision, she sustained damages including, *inter alia*, "pain, dizziness, headaches," "cervical trauma," "lumbar spine trauma," "shoulder, arm and hand trauma," and "a severe shock to her nervous system." *Id.*, ¶ 9 (a)-(f).  Consequently, she maintains that when "she has attempted to perform activities of normal daily living," those actions have "aggravated her symptoms" and resulted in "great pain and mental anguish," including injuries which are "likely to be . . . permanent." *Id.*, ¶ 9.  Plaintiff has also incurred medical expenses and "will not be able to work from time to time in the future," resulting in "financial loss and loss of earnings" and a permanently impaired earning capacity. *Id.*, ¶¶ 10-11.  *See also id.*, ¶ 17 (alleging "the loss of her employment and all of the economic benefits appurtenant thereto").  Plaintiff filed suit in this Court on April 27, 2012.  *Id.*

Since that time Plaintiff has been less than fully compliant with discovery obligations.  On December 5, 2013, the Court granted Defendant's motion to compel [Doc. 23] Plaintiff to respond to Defendant's first request for "Interrogatories and Demands for Productions," which were served

on Plaintiff on or about July 30, 2013.  On April 24, 2014, Defendant filed the present motion to compel Plaintiff to stand for an IME, or in the alternative, motion to dismiss for failure to comply with "reciprocal discovery."  *See* [Doc. 27].  Plaintiff has not filed an opposition to those motions.  The time to file an objection or response has expired.  *See* D. Conn. L. Civ. R. 7(a)(1).

## II.  DISCUSSION

The Court's authority to compel a party to stand for a medical examination is found in Rule 35(a) of the Federal Rules of Civil Procedure.  Rule 35(a)(2)(B) provides in relevant part that the court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical examination by a suitably licensed or certified examiner" provided the motion is made "for good cause" *and* "specif[ies] the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it."  *Id*. (emphasis added).

Where, as here, a "plaintiff in a negligence action . . . asserts mental or physical injury . . . that mental or physical injury [is] clearly *in controversy* and provides the defendant with *good cause* for an examination to determine the existence and extent of such asserted injury."  *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964) (emphasis added).  The Court must therefore determine in this case only whether the "logistical requirements" set forth under Rule 35(a)(2)(B) are met.  *Ligotti v. Provident Life & Cas*. *Ins*. *Co*., 857 F. Supp. 2d 307, 319 (W.D.N.Y. 2011).

Counsel for Defendant represents that he has:

> attempted to contact counsel for plaintiff [William S. Palmieri] at least six times by telephone and email to attempt to arrange a mutually satisfactory time for the IME to be scheduled.  Having left voice mail on at least three occasions and speaking to counsel's secretary and also speaking to counsel's spouse on at least two occasions, plaintiff's counsel has failed to contact counsel for defendant to arrange for a mutually convenient time for the IME.

3

[Doc. 27 at 1]. Defendant's motion well documents its efforts to contact Plaintiff's counsel; however, it fails to set forth "the time, place, manner, conditions, and scope of the examination, as well as the person or person who will perform it." Fed. R. Civ. P. 35(a)(2)(B). In the absence of those requirements, Defendant's motion to compel Plaintiff to stand for an IME will be denied.

Defendant argues, in the alternative, that the Court should dismiss this action for Plaintiff's failure to comply with what it terms "reciprocal discovery." [Doc. 27 at 2]. Rule 37, which focuses on the discovery obligations of civil litigants, grants a district court "broad power" to impose sanctions, including dismissal, on parties who engage in abusive litigation practices. *Friends of Animals*, *Inc*. *v*. *United States Surgical Corp*., 131 F.3d 332, 334 (2d Cir. 1997) (per curiam); *see also* Fed. R. Civ. P. 37(b)(2)(C). "[D]ismissal under Fed. R. Civ. P. 37 is a drastic remedy that should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions." *Reinhardt v*. *U.S*. *Postal Serv*., 150 F. App'x 105, 107 (2d Cir. 2005) (internal quotation marks omitted). It "is warranted . . . where a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault." *John B*. *Hull*, *Inc*. *v*. *Waterbury Petroleum Products*, *Inc*., 845 F.2d 1172, 1176 (2d Cir. 1988).

This is the second time in this lawsuit that the Court has been called upon to compel Plaintiff to comply with discovery obligations. In the Court's Order, dated December 5, 2013, in which it granted Defendant's first motion to compel, the Court noted that Plaintiff's "failure to comply with discovery deadlines shows a disturbing lack of willingness to prosecute the action," and threatened to impose sanctions under Rule 37 for continued non-compliance. [Doc. 24 at 6] citing *J.M. Cleminshaw Co. v. City of Norwich*, 93 F.R.D. 338, 359 n. 16 (D.Conn.1981) ("a fine is being levied against defendant's counsel for his unjustified failures to provide discovery and to comply with a

4

court order compelling discovery, which order was entered pursuant to Rule 37(a)" because "Fed. R. Civ. P. Rule 37(b)(2) authorizes the imposition of sanctions, including sanctions directly against delinquent counsel, if a 'party fails to obey an order to provide or permit discovery, including an order made under (Rule 37(a)'"). In spite of that admonishment, Attorney Palmieri has continued to ignore his client's discovery obligations, protracted this litigation further, and displayed a disappointing lack of professional courtesy to opposing counsel.

Pursuant to the Court's Scheduling Order, dated March 11, 2014, all discovery in this case was to be completed by June 30, 2014. [Doc. 27]. That deadline has long since passed and Plaintiff is to blame. She has placed her injuries at issue in filing this lawsuit, and yet refused to submit to a necessary medical examination to uncover the nature and degree of those injuries. Accordingly, the Court has cause to sanction Plaintiff for non-compliance with the Court's Scheduling Order. *See* Fed. R. Civ. P. 37(b)(i)-(vii) (describing sanctions imposed on party "for not obeying discovery order," including, *inter alia*, striking pleadings, staying proceedings, dismissal of action in whole or part, rendering default against disobedient party, finding contempt).[2] It declines to do so at this stage because Defendant's notice for an IME does not comply with Fed. R. Civ. P. 35(a)(2)(B).

Continued failure to comply with court orders will direct a different outcome.

### III.  CONCLUSION

Defendant's motion to compel Plaintiff to stand for an IME and motion to dismiss this action for failure to comply with reciprocal discovery [Doc. 27] are denied, without prejudice to

---

[2] *See also* Fed. R. Civ. P. 37(b)(2)(C) (upon party's failure to obey a discovery order, "the court must order *the disobedient party*, *the attorney advising that party*, or *both* to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust") (emphasis added).

Defendant's right to file an amended notice that complies with Fed. R. Civ. P. 35(a)(2)(B).

On or before October 30, 2014, Defendant may file an amended motion to compel Plaintiff to stand for an IME that complies with Fed. R. Civ. P. 35(a)(2)(B).

Attorney Palmieri is ordered to provide a copy of this Ruling to his client forthwith. On or before October 24, 2014, he is directed to provide the Court and counsel for the Defendant with proof he has done so.

The foregoing is SO ORDERED.

Dated: New Haven, Connecticut
October 15, 2014

*s/ Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge